RICHARD TREADWAY v. MATHEW RYAN *et al.*

*Error from Leavenworth County.*

Where one partner before adjustment of partnership accounts brought an action against his co-partner for an accounting, and made it appear that upon a final accounting a particular sum would be due for which he prayed judgment, it was

*Held* that the action was not a " demand arising upon contract " within the meaning of section 199 Civil Code, and that therefore the plaintiff could not·have attachment if his application was founded solely on the ground of the non-residency of the defendant, but *semble*, the action being a "civil action for the recovery of money" within the meaning of that section, he might have attachment on any other of the grounds enumerated therein; and on the ground in question, had he shown a promise express or implied to pay the balance claimed, *held* that the cause of action in suit does not arise out of the copartnership contract but out of transactions between the co-partners and third persons.

For a cause of action as on a balance found upon an accounting, it is necessary that a balance should have been struck or the quantities so agreed upon, that, by a simple computation from the balance sheet agreed upon, the balance can be ascertained.

That being impossible in case at bar, the order of the court below overruling a motion by defendant below to discharge the attachment, *reversed.*

This action was brought by the defendants in error against the plaintiff in error to recover a balance of, and the attachment was issued for $6,889.28, alleged in the affidavit to be " a balance found due and owing from said defendant to said plaintiffs on a settlement and statement of the accounts between said plaintiffs and said defendant on the 29th day of December 1865, and that said balance is due from said defendant to said plaintiffs for money theretofore advanced by said plaintiffs to said defendant at his request."

A motion was made to discharge the order of attachment, founded on the grounds substantially,

1st.   That the debt set out is not on a " demand arising out·of contract judgment or decree," but

2d. That it grows out of unsettled partnership accounts existing between the parties, which partnership has never been dissolved.

The parties introduced evidence at the hearing of the motion. That relating to the settlement of the parties was substantially as follows:

Thomas Richardson testified that he was bookkeeper of Carney & Stevens; that defendant Treadway came into the office Nov. 29th, 1865, and Ryan (one of the plaintiffs below) was there. In presence of both, at the request of Ryan witness made out statement of the partnership transactions between the parties, which is as follows:

"Carney & Stevens, Leavenworth, Kans., Nov. 29, 1865. Account of cattle received and slaughtered in partnership by Ryan, Evorhardy & Treadway:

By first cost of cattle first received...........$11,141.88
"         "    "  slaughtering, &c.    ............3,329.70
                                                  ─────────
                                                  $14,471.58

Cash paid by R. & E.............$3,918.30
Product rec'd by "    ............7,541.63
Cash p'd by R. Treadway pr sales...6,394.65
                                    ─────────
C. & S. per same..............$17,854.58
            $17,854.58
            14,471.58
            ─────────
            $3,383.00 loss.
Carney & Stevens.  2,186.17
            ─────────
     Total loss......$5,569.17."

This was shown to have been written in ink.

The defendant took the statement, examined it and seemed to be displeased with the result; he said it looked hard, but he supposed he would have to stand it. Defendant said something about having some receipts at home

which he would go and get and then come back and settle. He never came back to settle any more.

It was shown that after the departure of the defendant below, this witness and Ryan made, in lead, on the same paper containing the above statement of account the following, viz:

$$
\begin{array}{r}
3{,}918.30 \\
2{,}784.58 \\
\hline
6{,}702.88 \\
106.40 \\
\hline
6{,}809.28 \\
80.00 \\
\hline
\$6{,}889.28
\end{array}
$$

Ryan on the stand testified that the pencil figures included some other matters not in the partnership. "While the figuring was being done defendant said he had some receipts for pasturing which he would go home and bring. I asked him how much they were, he said about $300. I told him I would allow him that sum, and it was included in the statement.

The defendant below (plaintiff in error,) denied any settlement, and showed admissions of Ryan sustaining the same view. The motion was overruled and the case comes here on exceptions to that ruling.

*W. P. Gambell* and *Burns* and *Tipton*, for plaintiff in error, contended:

1st. This is a summary mode of determining whether the attachment was improvidentially issued, and the defendant below had only to show *prima facie* that the affidavit was untrue to throw the burden of proof upon the plaintiffs below, to sustain their affidavit by preponderating affirmative testimony, to the facts alleged in their affidavit or the attachment must fall. *Drake on Attach.*, *sec.* 408.

2d. An attachment will not lie against a non-resident defendant, unless the cause of action is founded upon contract, judgment or decree. *Comp. Laws*, 1862, *p.* 165, *sec.* 199.

3d. A contract is an agreement or obligation whereby one party binds himself or becomes bound expressly or impliedly to another to pay a sum of money, or to do or omit to do a particular act. *Chitty on Contr.*, *p.* 1 *and* 2.

This action being admitted to be for an alleged balance due upon a partnership business, the question as to what constitutes a settlement, seems to be all that is unsettled in that branch of the motion, and if there has been no settlement of the partnership affairs, of course there is no contract between the parties, such as the law intends, as in the absence of such settlement there could be no agreement, obligation, or tie express or implied.

Then as to the second and last grounds, laid in the motion for discharging the attachment, the authorities are full, ample and uniform, against the right of one partner to maintain an action against other partners upon matters of partnership dealings, when the partnership accounts remain unsettled, or where there has been no agreed balance struck by such partners. *Story on Partnerships*, *pp.* 219, 221; *Story's Eq. Jurisp.*, *secs.* 661, 662, 664, *and note* 665; 7 *Amer. Com. L.*, *pp.* 225, 226, 227; *Stephen's Nisiprius*, *pp.* 2392-3; *Collier on Partn.*, *secs.* 264, 265, 267, 268, 269; 1 *Wend.*, 532; 1 *Duer*, 657; *Drake*, *sec.* 15 *to* 27, *and cases cited.*

4th. The law requires an actual settlement by the acts of both parties, before either can be charged by the other in an action. 9 *Serg. & Rawl* (*Penn.*) *R.*, 241; 1 *Binn R.*, 191; 3 *Caine N. Y. R.*, 293; 1 *Wend. R.*, 532; 7 *Amer. Com. L.*, 225.

5th. Partners cannot maintain an action against each other, except upon an express promise to pay the amount claimed in the action. 2 *Caine's R.*, 293; 17 *Johns R.*, 80.

Neither can an action be maintained by one partner against another, for a final balance, except there be an express promise to pay that balance. 1 *South Carolina Con. R.*, 416; 14 *Johns R.*, 318; 2 *Caine's R.*, 426; *N. H. R.*, 547; 1 *Hall's Report*, 434; 2 *Id.*, 415; 2 *Greenl. R.*, 578.

6th. Appellant submits that the evidence shows no such settlement as the law requires as the foundation of a cause of action on behalf of defendants in error. But on the other hand it is established beyond controversy by the testimony that there never was even a semblance of settlement between said parties, and far less a balance rendered as alleged in the affidavit. *Toland* v. *Sprague*, 12 *Curtis*, *p.* 729.

7th. Upon the last point, plaintiff in error contends, that no action can be maintained between partners, upon unsettled accounts when there are outstanding debts to be paid by the partnership, except for account and dissolution. *Collyer on Part.*, *n. on p.* 257.

*E. Sterling*, for defendant in error, contended:

1st. No special findings were asked of the court, and it does not therefore appear whether the motion was overruled as a question of law or whether the court found as a question of fact against the defendant.

2d. The findings of the court had the effect of a verdict of a jury, and will not be set aside or reversed unless it is clearly wrong. 9 *Ohio State*, 338; 4 *Id.*, 60.

3d. The defendant below did not claim that the amount was not due but simply contested the question of the accounts stated.

4th. That the proof warrants the finding of the court, plaintiff refers to the following authorities. 2 *Greenl. Ev.*, 127, 128; 1 *Shaw*, 215; 18 *U. S. Dig.*, 314; 36 *Penn. St.*, 156; 13 *Cal.*, 427.

5th. The authorities referred to by the plaintiff as to

partnership accounts have no application under our Code. *Goble* v. *Howard et al.*, 12 *Ohio State R.*, 165.

6th. The exception of the ruling of the court is not taken in a way to bring it before a revising court. *Code*, sec. 291; 14 *Ohio State*, 296.

*By the Court*, Crozier, C. J.

Two questions are presented by the record in this case : *First*, what will sustain an attachment in a suit by one partner against another on the ground of non-residency of the defendant? *Secondly*, was this such a case?

I. Section 199 of the Code of Civil Procedure, authorizes an attachment in any civil action for the recovery of money upon any one of nine enumerated grounds, with but a single limitation, viz : if the ground upon which the attachment is asked be the non-residency of the defendant, it must appear that the claim upon which the suit is sought to be maintained is a "debt or demand arising upon contract, judgment or decree." Whenever it shall appear that there is due from the defendant to the plaintiff "a claim arising upon contract," and that the defendant is a non-resident, the plaintiff will be entitled to an attachment no matter what may be the relations of the parties, whether partners or otherwise. The test in such case is, that the claim arises upon contract. Before an adjustment of the partnership affairs, and with a view to the enforcement of such adjustment, one partner may commence his suit against the other, and if he can show that upon a final accounting of the partnership matters, there will be due him from his copartner a particular sum of money for which he will be entitled to judgment or decree, he may have an attachment upon the establishing of any of the grounds mentioned in section 199, except that of the non-residency of the defendant. With reference to the other eight grounds it will be sufficient if the proceeding be a "civil action for the recovery of money;" but in regard to

the one mentioned, the proceeding must not only be a "civil action," but must be predicated upon a "demand arising upon contract, judgment or decree."

When an action is brought by one partner against another to compel an accounting and payment of a balance, which it is alleged, will appear to be due the plaintiff upon such accounting, the suit is not upon a "demand arising upon contract" within the meaning of the section of the Code referred to. It is true the claim may arise out of a set of transactions made in pursuance of an agreement between the partners to jointly engage in such transactions; yet the claim for the to-be-ascertained balance is not a demand arising upon the contract of partnership, but one arising out of the partnership transactions with third persons. If an accounting has been had, a balance ascertained, and a promise made to pay it, then a claim for such balance would be a demand arising upon contract—not the partnership contract, but the promise to pay made after the accounting. The promise need not be express, it may be implied. If the parties assent to the correctness of the accounting and admit the accuracy of the balance found, the law implies a promise to pay it.

Where suit is brought by one partner against another as for a balance found upon an accounting, it is necessary that an actual balance should have been struck or the quantities so agreed upon that nothing is left to be done but simply the computation. It is not absolutely essential that the precise amount sued for should appear in figures upon the balance sheet. It will be sufficient if the balance can be ascertained therefrom by the ordinary process of accounts.

Upon the first question above mentioned, the court is of opinion that one partner can not maintain an attachment against the property of his copartner on the ground of the non-residency of the latter, upon a claim arising out of the partnership transactions, unless there first be an accounting and ascertainment of a balance which the defendant has promised expressly or impliedly to pay.

II. Was the case at bar such a case? The attachment was issued for $6,889.28 for "balance found due and owing from said defendant to said plaintiffs on a settlement and statement of the accounts between said plaintiffs and said defendant on the 29th day of Dec. 1865; and that said balance is due from said defendant to said plaintiffs for money theretofore advanced by said plaintiffs to said defendant at his request." Such is the language of the affidavit. From this language alone it would be somewhat difficult to determine whether the sum claimed is charged to have arisen out of mutual transactions or was for a gross sum loaned by one to the other. But the proof makes the matter more lucid. That shows that the parties had been partners in the beef business; that the plaintiffs furnished money and services, and the defendant furnished cattle and services; that an adjustment of the accounts was attempted which the plaintiffs say was complete, and assented to by both parties, and which is denied by the defendant. The proof further shows that when the settlement was attempted, the calculations were made in ink upon a paper which was produced at the hearing, but which showed no ascertained balance; that after the defendant had departed, one of the plaintiffs, together with the amanuensis, from other calculations, which appear on the paper in pencil, arrived at the amount for which the attachment was issued. Unaided by explanation, it is utterly impossible to discover in the ink calculations the basis of the pencil calculation; nor can the court find such basis after carefully reading the testimony of the plaintiff and amanuensis referred to, and attentively listening to the exposition of counsel. No system of arithmetic will furnish a rule by which the figures made in the presence and those made in the absence of the defendant, can be reconciled. How then could it be said that there was an accounting and the finding of a balance, which the defendant agreed to pay?

The court is satisfied the case was not such an one as

warranted the issuance of an attachment on the ground of the non-residency of the defendant.

The judgment of the court below will be reversed, the cause sent back with directions to the District Court to sustain the motion to discharge the attachment.

All the justices concurring.