## T. J. HENDRICKSON v. WARREN H. BROWN.

(Filed July 6, 1901.)

ATTACHMENT—Right to. The plaintiff in a civil action for the recovery of money may have an attachment upon the grounds set forth in the statute, and the fact that some specific relief is necessary, or that the action is one that formerly would have been a suit in equity, will not defeat the right to an attachment, if the action is one in which, in addition to such specific relief, a money judgment may also be rendered.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Keaton & Kearful,* for plaintiff in error.

*Howard & Ames* and *T. G. Chambers,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: On April 24, 1899, the plaintiff in error, T. J. Hendrickson, filed his petition in the district court of Oklahoma county, against the defendant in error, Warren H. Brown, in which he alleged that on the 18th day of November, 1897, he purchased from the defendant. Brown, certain real estate situated in Oklahoma county, in the Territory of Oklahoma, and on the same day Brown executed and delivered to him a warranty deed conveying said real estate to plaintiff. That as consideration for said real estate he paid said Brown the sum of twelve hundred ($1,200) dollars cash, and endorsed and delivered to Brown two promissory notes executed by one Samuel O. May, for

the sum of $150 each, due one and two years after date, respectively. That in order to induce plaintiff to purchase said land, the defendant knowingly made certain false and fraudulent representations as to the location and boundaries of said land, and as to certain improvements thereon, which, if true, rendered such land much more valuable than it in fact was; that he relied upon said representations and believed them to be true, until some time after such purchase was made, when he discovered that said representations were false. That as soon as he made such discovery, he executed a good and sufficient warranty deed reconveying said real estate to the defendant, and tendered the same to him, and at the same time demanded the return of the purchase money and notes, or, if said notes could not be returned, the cash in lieu thereof; he also tendered the rental value of the land during the time he held possession of the same. The defendant refused to accept the deed or return any part of the consideration, and the plaintiff prays for a rescission of the contract, and for a judgment for the $1,200 cash paid, and a return of said notes, or if said notes have been paid or transferred, that he recover the sum of fifteen hundred dollars.

At the same time the plaintiff filed the necessary affidavits and procured an attachment to issue against the property of the defendant. The defendant moved to discharge the attachment, upon the ground that said action is not one for the recovery of money, but is one for the rescission of a contract, and one in which plaintiff is not entitled to an attachment. The court sustained this motion, and ordered the attachment discharged. From this order the plaintiff appeals.

The record presents but the single question: Does our statute authorize an attachment in the case presented by the plaintiff in his petition?

Section 190, Civil Code, Stat. 1893, p. 791, provides:

"The plaintiff in a civil action for the recovery of money may at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated."

Then follows the several grounds for which an attachment may issue. There is no limitation in the statute as to the character of civil actions for the recovery of money necessary to entitle the plaintiff to the remedy of attachment. All that is required is that it must be a civil action, and must be for the recovery of money. It need not be an action for the recovery of "money only," nor for the recovery of "money alone," as is the case in a great many other statutes.

Section 10, Civil Code, abolishes all distinction between actions at law and suits in equity, and the forms of all such actions and suits, and substitutes therefor one form of action, called a civil action. The term "civil action" embraces every form and character of action at law, or suit in equity, that was known to legal jurisprudence prior to the enactment of the civil code. It embraces actions *ex contractu, ex delictu,* suits in equity, mixed actions, and all their various modifications. In every civil action for the recovery of money the plaintiff may have an attachment. It is immaterial whether it be an action on contract, an action to recover damages for a tort or an action for equitable relief. If the facts stated will entitle the plaintiff to a personal money judgment, then he comes within the statutory provisions entitling

him to the remedy by attachment. The legislature has not seen fit to place any limitation upon the character of action or the relief or remedy sought, except that it must be an action for the "recovery of money," and the courts have no power to further limit or nullify the plain and unambiguous provisions of the statute.

It is conceded that, as a general rule, attachment will not be permitted in actions of equitable cognizance, but attachment is not a common law remedy or right; it is of statutory origin, and is regulated by statute. Each state has its own peculiar provisions on the subject, and the decisions deal with these various statutes. All have some provisions in common, but there is enough variance in the statutes of the several states to render the adjudications of little value as precedents.

Our own statute was adopted from Kansas, which state still has the same statute. The Ohio statute is almost identical. The Indiana statute is similar, and the New York statute, prior to its amendment in 1866, was practically the same as Indiana. Nebraska also has a similar statute, but by reason of some legislative changes, it has been generally given a different construction from that of other states.

While the adjudicated cases are not always clear and decisive of the point under consideration, they furnish valuable information, and materially aid in determining the proper interpretation of our own statute.

In the case of *Ward & Co., v. Howard et al.* 12 Ohio St. 158, it was said by the supreme court of Ohio:

"An attachment is allowed to the plaintiff in a civil ac-

-tion for the recovery of money. Sec. 191. The different .grounds for an attachment are stated in the subdivisions of that section, and among them is. 'that the defendant, or one ·of several defendants is a foreign corporation or non-resident of this state.' But it is provided that no attachment shall be granted on that ground, 'for any claim other than debt or demand arising upon contract, judgment or decree,' The ·conclusion follows, that if the action be for the recovery of money, though not for a debt or demand arising upon contract, judgment or decree, an attachment may be obtained. This conclusion is strengthened by the consideration that the next section of the statute provides that the affidavit for an attachment among other things must show the nature of the plaintiff's claim, that it is just, and 'the amount which the affiant believes the plaintiff ought to recover.'

"It is obvious that an intention is manifested to extend :the remedy by attachment, and that in no stinted measure. · * * * * An obligation to deliver property gives to the party entitled to receive it, a claim, the nature and :amount of which may be stated, and if the obligation be not ·complied with, an action for money to the extent of the value ·of the property may be sustained."

The case of *Goble v. Howard et al.* 12 Ohio St. 165, was ·an action by one partner against the others, to recover the undetermined amount due him growing out of the partner-:ship business. The plaintiff procured an attachment to is-.sue in the cause. The question stated by the court was:

"Can one partner in an action against his co-partner to recover a general balance claimed upon an unsettled part-nership account between them, have an order of attachment :as in other cases?"

And the court answered the question thus:

"This question is to be answered by a fair and liberal

construction of the provisions of the code regulating the remedy of attachment. It is evident as shown in the case of *Ward v. Howard,* that the code has extended that remedy, not only by embracing legal cases in which the remedy had not before been allowed, but also equitable actions brought to recover money. It is also to be observed that the code has in several instances distinguished between actions for the recovery of money, and actions for the recovery of money only. The remedy of attachment is allowed 'in a civil action for the recovery of money.' Now, an action may be brought for specific relief and also for the recovery of money. In such an action so far as the claim is for the recovery of money, we see no reason to suppose that an attachment may not be obtained.

"A partner in a dissolved firm, though he might know that he was indebted to the other partners, might maintain an action for the specific relief of a settlement of the partnership business. If he believed that upon the settlement of accounts, a balance would be due to him from his partners, why might he not ask the same specific relief, and also a judgment for the money claimed to be due? If he can do so, then to the extent of his claim to recover money, why should he not be entitled, like any other creditor, to the remedy of attachment?

"That the claim is one which before the code could only be asserted in equity, constitutes no objection, for the distinction between actions at law and suits in equity is expressly abolished by the code, which permits but one form of actions. That he seeks specific relief and the recovery of money is no objection. His action is none the less a civil action for the recovery of money. He may show what the code requires to authorize the granting of an order of attachment, the nature of his claim, that it is just, the amount which he believes he ought to recover, and the existence of one of the grounds of attachment. If a balance be really due him, if he has a just claim for money, there is

no reason why he should not be secured and protected in his rights to the same extent as any other creditor or person having a demand for money.

"We think the case comes within the letter and spirit of the code, and that we are not called on and would not be at liberty to limit the operation of the code by reference to former practice, or even by the inconvenience which might be pointed out as resulting from the application of one of its provisions to a particular case."

The reasonings in the foregoing case seem to apply with peculiar force to the case at bar. The plaintiff is seeking specific relief, a rescission of the contract; he is also seeking to recover the consideration; the specific relief must be granted before he is entitled to a judgment for what he has paid, but if the specific relief is granted him, then he is entitled to a money judgment for at least $1,200, and under certain contingencies, $1,500. To this extent the action is one for the recovery of money.

The case of *Hoover v. Gibson,* 34 Ohio St. 389, was an action in which it was sought to procure a personal judgment against a married woman, and to proceed by attachment. The court said:

"Without, therefore, questioning the soundness of the rule that attachment may issue in equitable actions, wherein personal money judgments may be rendered against the defendant, we are of the opinion that where no such judgment may be rendered, the action is not for the recovery of money within the meaning of section 191 of the code."

The supreme court of Kansas has passed upon some phases of this question, and it is deduced from these de-

cisions that an attachment may issue in an equitable action, where a personal money judgment may be rendered although other specific relief is asked for.

In *Treadway v. Ryan,* 3 Kan. 437, it is said:

"Before an adjustment of the partnership affairs and with a view to the enforcement to such adjustment, one partner may commence his suit against the other, and if he can show that upon a final accounting of the partnership matters, there will be due him from his co-partner a particular sum of money for which he will be entitled to judgment or decree, he may have an attachment upon the establishing of any of the grounds mentioned in section 199, except that of the non-residency of the defendant."

In *Gillespie v. Lovell,* 7 Kan. 419, the action was upon an account, and to enforce a mechanic's lien. An attachment was issued and sustained by the supreme court. In deciding the case, Justice Valentine said:

"If this was purely a suit in equity to foreclose a mechanic's lien, a suit in which no personal judgment could be rendered, probably an attachment would not lie, but as it is not such a suit, as it is an action in which· a personal judgment is allowed by law, a judgment that will not only reach the property upon which the mechanic's lien exists, but will also reach all the property of the judgment debtor not exempt by law from execution, a judgment upon which an ordinary execution may be issued, there seems to be no good reason why an attachment may not be ·issued in this case as in other cases. The language of the statute is certainly broad enough."

In *Shedd v. McConnell et al.* 18 Kan. 594, the plaintiff brought suit to foreclose a mortgage on real estate, and to recover a personal judgment. The plaintiff procured an

attachment to issue; motion was made to dissolve. The court said:

"The logical deduction from this decision is, (referring to *Gillespie v. Lovell, supra,*) that in an action for money, in which a personal judgment may be rendered against the defendant, the plaintiff may if sufficient cause exist, have an attachment against the property of the defendant, notwithstanding the fact that in the same action plaintiff seeks to foreclose a lien on specific property held as security for the debt due, provided such lien is insufficient security for the plaintiff's claim."

In *Stone v. Boone,* 24 Kan. 337, the case of *Treadway v. Ryan* was followed, although the doctrine of the case was criticised by Chief Justice Horton, but not on the question involved in the case.

We are unable to find where the rule announced in these Kansas cases has been questioned in any later cases, and we take it that the law is settled in Kansas, and was before the adoption of our civil code, that under the liberal provisions of the statute relating to attachments, that an attachment may be had in any civil action for the recovery of money, although some other specific relief is sought, either as an incident to a money judgment, or on which to base a money recovery. If a personal money judgment is proper as a part of the relief sought, then to that extent at least the plaintiff may have an attachment if he makes the required showing.

In *Martin v. Holland,* 87 Ind. 105, the supreme court of Indiana on the authority of the Kansas cases, held that an attachment was a proper remedy in a suit to foreclose a real estate mortgage, where a personal judgment might be rendered.

The same question was before the court in *Joseph v. The Peoples Savings Bank et al.* 102 Ind. 39, and it was again held that in an action to foreclose a mortgage and to recover a judgment on the note, the plaintiff was entitled to every remedy by attachment or garnishment, which he would have been entitled to in an action on the note without joining the forclosure proceedings.

A well considered case on this subject and one which involves a different question, but the same principle as the case under consideration, is *Carson v. Ball et al.* decided by the New York supreme court, and reported in 47 Barb. 452. The suit was one to enforce specific performance of a contract to purchase real estate, and to collect the consideration agreed to be paid. An attachment was issued in favor of the plaintiff, and it was claimed that as the primary object of the suit was one of equitable cognizance, and not an action to recover money, that attachment was not a proper remedy. The court said:

"The objection that this is a suit in equity, and not an action at law, and that the attachment given by the code does not apply to such a case as this, seems to me not well founded. Section 69 of the code abolishes the distinction previously existing between actions at law and suits in equity, and enacts that thereafter there shall be but one form of action, which shall be denominated a civil action. When, then, the word 'action' is used in section 227 of the chapter relating to attachments, it must be deemed to include all civil actions, including therein not only such as were formerly actions at law, but also such as were formerly suits in equity. If, therefore, in the chapter relating to attachments there is nothing limiting the remedy of attachment to certain civil actions, the court cannot so limit it by reason of

any previously recognized distinction between actions at law and suits in equity.

"Upon examining the provisions of the chapter in question, I find two classes of limitations, one as regards the persons against whom the attachment is allowed, and the other respecting the subject-matter of the action in which it can be allowed. It is not questioned but that the defendant is one of the persons against whom the remedy is given, if the subject-matter of the action is such as to authorize the issue of the warrant. The only limitation as to the subject-matter is created by section 227, and it is that the action shall be for the recovery of money. It is true section 229 requires the warrant of attachment to be founded on a sufficient setting forth of certain matters, but this section contains no limitations other than those required by section 227.

"The only question then is, is this action 'an action for the recovery of money?' It is urged that it is not, because the plaintiff in addition to seeking to recover money, also seeks other relief, and because her money recovery depends on her obtaining other relief. The fact that some other relief is necessary to be obtained before a money judgment can be rendered does not, in a case like this, where the main object of the action is to recover the purchase money of property sold while the other relief sought for in the action is merely incidental to the main object, render the action any the less 'an action for the recovery of money.' This object of the attachment proceedings is to secure to those who are seeking to recover a money demand, a means of satisfying such money judgment as they may recover against those defendants whose persons are permanently beyond the jurisdiction of the court, or those who seek by absconding or concealment, or fraudulent devices to remove or keep their persons or their property from the jurisdiction of the court.

"It is not contended in this case but that the plaintiff in her complaint shows a good cause of action for the recovery

of money she demands, nor is it denied that the persons of the defendants are permanently beyond the jurisdiction of the court. It is simply urged that the nature of the action is such that the law does not allow an attachment. I have however, come to the conclusion that the plaintiff's case comes within not only the letter of the law, but the spirit of the attachment provision."

The principle and reasonings announced by the New York court are equally applicable to our statute, and the case under consideration. The same contention is made in this case that was made in the New York case, viz: that because the money recovery depends on the plaintiff obtaining other relief, that it is not an action for the recovery of money as contemplated by the statute. And it can as well be said that: "The fact that some other relief is necessary to be obtained before a money judgment can be rendered does not, in a case like this, where the main object of the action is to recover the purchase money of property sold, while the other relief sought for in the action is merely incidental to the main object, render the action any the less an action for the recovery of money."

Let us more closely examine plaintiff's petition and determine its purposes. He had purchased a tract of land and paid for it in money and notes; he then discovered that he had been swindled and defrauded; he desired to be placed in the position he was before the trade. He had two remedies, and the right to elect which of the two he could adopt. He could let the trade stand and sue for damages, and the measure of his recovery would have been the difference between the reasonable market value of the property he received, and the purchase price he had paid. Or, he could tender back the property with title and property in as good condition as he received it, and recover back the purchase money. This

he elected to do; he alleges that he made out and tendered a good and sufficient deed, conveying the real estate to the defendant and demanded the repayment of the purchase money and return of the notes. The main purpose of the action is to recover a judgment against the defendant for the purchase money paid; incidental to this, and necessary to be done before a money judgment can be rendered, is the rescission of the contract.

But it argued that it is an action to recover specific personal property and hence like replevin. We think this is a wrong theory of the purposes of the action. It is not to be presumed that the plaintiff expects a return of the identical money paid the defendant. There is no allegation in the petition that payment was made in any particular kind of money, or that the defendant still retains said moneys, or that such moneys could be identified or found. While it is usual to say that in case of rescission, the parties are entitled to a return of the property delivered, this is not technically correct as to money paid. The plaintiff in a case of this kind where money has been paid is not entitled to the same money, and does not seek to recover it, like the replevin of a bag of coins, or the recovery of a special deposit, but he recovers a personal money judgment for the amount of the consideration, and the return of other specific property which has not been converted. It would be doing violence to every sound business principle and the experience of every man of average intelligence, to assume that the $1,200 paid in November, 1897, was still kept intact, and in hand ready to be delivered on demand in April, 1899.

While under the facts alleged, the plaintiff is entitled to be placed in *statu quo,* the law does not attempt to pro-

vide him a remedy that would be fruitless and impossible of execution, but does provide a remedy by civil action, whereby he may have a judgment for the amount of the consideration paid, which must be collected the same as any other personal judgment, and the fact that he may, perhaps, have the return of the two notes for $300, and the further fact that before obtaining this judgment for the consideration paid, he must obtain the specific relief, rescinding the contract, does not make it any the less an action for the recovery of money.

We have been referred to a number of cases, in Arkansas, Iowa, Texas, Massachusetts, and other states, holding that attachments may issue in equity cases, but we find that they have some peculiar provision of statute upon which the decisions are based, which make them valueless as authority in this case.

We are also cited to a large list of cases holding that attachment will only issue in actions for money demands on contract, or for money only, or for money alone, or where the relation of debtor and creditor exists, or where the cause is one triable by jury, but these cases are based upon statutory provisions unlike ours, and have no weight with us. The only states that have statutes like unto ours, have announced the rule that attachment may be had in an equity case where a personal money judgment may be recovered, although other specific relief is necessary before being entitled to such judgment. We believe this is the correct rule, and the proper interpretation of our statute.

We think the court erred in discharging the attachment in this case.

It is therefore ordered that the order of the district court of Oklahoma county, discharging the attachment for the reason that the action was not one on which an attachment may be issued, be reversed, and set aside, and said cause is remanded, with directions to proceed in accordance with the views herein expressed.

Burwell, J., having presided in the court below, not sitting; all the other Justices concurring.