RALPH R. CAIN, *Appellant*, V. E. M. PERFECT, *Appellee.*

No. 18,079.

SYLLABUS BY THE COURT.

1. LIBEL—*Published in Another State—Action for Damages —Jurisdiction Obtained by Attachment.* A civil action for the recovery of damages resulting from a libel published in another state may be brought against a nonresident of this state in any county in which the defendant has property subject to attachment. (Civ. Code, § 53, Gen. Stat. 1909, § 5646.)

2. ———— *Same.* Under section 190 of the civil code (Gen. Stat. 1909, § 5783, as amended by Laws 1911, ch. 231) the plaintiff in a civil action for the recovery of money may have an attachment against the property of the defendant on the ground that the defendant is a nonresident of this state, although the cause of action arose *ex delicto* and in another state.

3. ATTACHMENT—*Requirements of Affidavit in Action for Un-liquidated Damages.* It is not essential in order that the plaintiff may have an attachment that the damages claimed should be capable of definite estimation so that the affidavit may state them with approximate certainty. It is sufficient if the action be one for the recovery of money and the affidavit state the nature of the claim, as for example, damages for libel, that the claim is just, and the amount the affiant believes the plaintiff ought to recover. (Civ. Code, §§ 190, 191, Gen. Stat. 1909, §§ 5783, 5784.)

Appeal from Labette district court. Opinion filed April 12, 1913. Reversed.

*Archie D. Neale,* of Chetopa, for the appellant.

*A. R. Bell,* of Chetopa, and *M. E. Williams,* of Oswego, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the defendant for damages in the sum of $5000, resulting from a libel of the plaintiff published by the defendant in the states of Iowa and Oregon. Real estate belonging to the

defendant situated within the jurisdiction of the court was attached. The ground for the attachment stated in the affidavit was that the defendant is a nonresident. Summons having been returned not found, service was made by publication. The defendant appeared specially and moved for a dismissal on the ground that the court was without jurisdiction. The motion was sustained and the plaintiff appeals.

If the attachment was valid the judgment dismissing the action was wrong.

The action being of a transitory nature it was commenced in the proper county under section 53 of the civil code, which reads as follows:

"An action, other than one of those mentioned in the first three sections of this article, against a nonresident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company the action may be brought in any county where the cause or some part thereof arose." (Gen. Stat. 1909, § 5646.)

The first three sections of the article containing this section relate to local actions.

The affidavit complied in all respects with section 191 of the civil code, which reads as follows:

"An order of attachment shall be issued by the clerk of the court in which the action is brought in any case mentioned in the preceding section when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing:

"*First,* the nature of the plaintiff's claim.

"*Second,* that it is just.

"*Third,* the amount which the affiant believes the plaintiff ought to recover.

"*Fourth,* the existence of some one of the grounds for an attachment enumerated in the preceding section." (Gen. Stat. 1909, § 5784.)

Previous to 1911 the preceding section (Gen. Stat.

1909, § 5783) read, so far as is now material, as follows:

"The plaintiff in a civil action for the recovery of money or in a suit for alimony may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon one or more of the grounds herein stated:

"*First,* when the defendant or one of several defendants is a foreign corporation, or a nonresident of this state; but no order of attachment shall be issued on the ground or grounds in this clause stated for any claim other than a debt or demand arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this state, which fact must be established on the trial. . . .

"*Tenth,* where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, or the seduction of any female."

At the session of 1911 the legislature amended this section by an act which reads as follows:

"AN ACT to amend section 190, chapter 95 of the General Statutes of 1909, and repealing said section 190.

"*Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That section 190 of chapter 95 of the General Statutes of 1901 [1909] be amended to read as follows: *Grounds for attachment.* Sec. 190. The plaintiff in a civil action for the recovery of money or in a suit for alimony may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon one or more of the grounds herein stated: (1) When the defendant or one of several defendants is a foreign corporation, or a nonresident of this state; . . . (10) where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, or the seduction of any female; . . .

"SEC. 2. That section 190 of chapter 95 of the General Statutes of 1909, is hereby repealed." (Laws 1911, ch. 231.)

It is claimed by the defendant that the act of 1911 is nugatory because section 1 purports to amend section

190 of chapter 95 of the General Statutes of 1901,
when there is no such section. The title of the act, the
body of section 1 and section 2 show, however, that
a clerical error was made in enrolling the bill and that
the General Statutes of 1909 were intended.

The defendant argues that, conceding the act of 1911
to be effective, no attachment can be had in actions
*ex delicto* unless clearly authorized by statute, and that
the inclusion of the torts specified in subdivision 10
indicates a purpose to exclude all others.

Section 190, both before and after the amendment,
is divisible into two parts; first, a specification of the
classes of actions in which an attachment may be had,
and second, a specification of the grounds for an at-
tachment. An attachment may be had in a civil action
for the recovery of money, or in a suit for alimony,
which may or may not be for a money judgment. In
such actions an attachment may be had on any one or
more of the eleven grounds prescribed. The fact that
the damages sued for arose from the commission of a
felony or misdemeanor, or the seduction of a female,
furnishes a ground for attachment the same as non-
residence, or absconding to defraud creditors, or the
removal, conversion or fraudulent disposition of prop-
erty.

Previous to the amendment of 1911 the only limita-
tion upon the right to an attachment in actions for the
recovery of money, so far as the nature of the cause of
action was concerned, was that contained in the first
subdivision of the section. If the ground for attach-
ment was that the defendant was a nonresident or a
foreign corporation it was necessary that the cause
of action should rest upon contract, judgment or decree,
unless it arose wholly within the limits of this state.
The sole purpose of the amendment of 1911 was to
strike out this limitation, and the result is that the
plaintiff in a civil action for the recovery of money,
whether the cause of action be founded upon contract

or tort, and whether it arose in this state or not, may have an attachment on the ground that the defendant is a nonresident.

It is argued further by the defendant that an attachment can not be had unless the damages are capable of definite estimation so that the affidavit may state them with approximate certainty. The legislature not having annexed this qualification to the statute the court can not do so. It is sufficient if the action be one for the recovery of money, or for alimony, and the affidavit state the nature of the plaintiff's claim, that it is just, and the amount the affiant believes the plaintiff ought to recover. (Civ. Code, §§ 190, 191.)

The district court did not state upon the record the ground of its ruling. The matters which have been considered are all that are urged in its support. They are insufficient for the purpose, and no other being apparent the judgment is reversed and the cause is remanded with direction to proceed according to law.