MAX SHER, RESPONDENT, v. RAYMOND L. CHURCH ET AL., TRADING, &c., PROSECUTORS.

Submitted March 20, 1919—Decided June 3, 1919.

Attachment will not lie for unliquidated damages claimed by reason of defendants supplying goods of a quality inferior to that agreed upon.

On *certiorari*.

Before Justices PARKER and MINTURN.

For the prosecutors, *Burgess A. Cruden.*

For the respondent, *Alexander Seclow.*

The opinion of the court was delivered by

PARKER, J.   The court below discharged a rule to show cause why the writ of attachment, which is the foundation of the case, should not be quashed, and this is the basis of the present review.

The affidavit for the writ alleged that prosecutors were non-resident, and that they were indebted to plaintiff in $500, as nearly as he could ascertain; and went on to specify that this sum was due "for failure to deliver goods purchased from them and for breach of contract to deliver goods in accordance with agreement, and for other losses sustained by reason of their failure to ship hay in accordance with their agreements."

The state of demand counted on a sale of hay which prose-cutors "agreed to deliver in good condition, but the said hay was delivered by defendants in poor condition.   Said defendants also sold to plaintiff another car of hay, but the hay received was not the same quality as ordered."   Then follows a bill of particulars giving car numbers and amounts claimed as "damages" on each car.

Prosecutors make the point, and we think it well taken, that the claim is manifestly not for any debt, but for unliquidated damages.   If this be so, plainly, attachment will not lie.   *Jeffery* v. *Wooley,* 10 *N. J. L.* 123; *Heckscher* v. *Trotter,* 48 *Id.* 419.

It is said that the right to attach is supported by the more recent cases of *Sullivan* v. *Moffat,* 68 *N. J. L.* 211, and *Laura* v. *Puncerelli,* 91 *Id.* 38; affirmed without opinion, 92 *Id.* 518; but neither case is in point.   In Sullivan v. Moffat the court dealt with the state of facts set up on the plaintiff's affidavit, and which it intimated he might not be able to prove at the trial.   It pointed out that there was a specific promise to pay a certain sum, from which plaintiff allowed certain deductions for cash, "and for materials to be furnished and labor to be performed at the expense of the defendants, the cost of which appears *on the face of the account* to be certain, and, presumably, can be ascertained by some definite standard."

In Laura *v.* Puncerelli the writ was supported (apart from circumstances indicating a general appearance) on the theory, which there was evidence to sustain, that, although at first the claim was purely for unliquidated damages in tort, it was turned into a contract obligation by defendant agreeing for lawful consideration to pay the cost of making the damage good.

In proceedings under the Attachment act (*Comp. Stat., p.* 132), or cognate legislation, such as sections 69 *et seq.* of the District Court act (*Comp. Stat., p.* 1977), the rule in *Jeffery* v. *Wooley, supra,* is still in force. In that case the suit was for a breach of covenant, and it not appearing that the covenant was to pay a sum of money or was otherwise liquidated, the writ was quashed. So, where the claim was for a penalty for breach of covenant, the writ was quashed (*Brown* ads. *Hoy,* 16 *N. J. L.* 158), and the same result was reached in a case of doubt whether the clause in the contract provided for a penalty or for liquidated damages (*Cheddick* v. *Marsh,* 21 *Id.* 463), though, apparently, attachment will lie on a *quantum meruit* for work and labor. *Boyd* v. *King,* 36 *Id.* 134, 138.

The case at bar rests on principles similar to those controlling the covenant cases cited above. According to plaintiff's claim, the prosecutors agreed to furnish hay of a certain quality; they furnished hay of inferior quality, thus violating their agreement; and plaintiffs below were damaged. How much were they damaged? Who is to decide the amount? They have not agreed to pay any sum certain as damages, or any damages at all; they have not admitted the existence of damages. Manifestly, the questions whether there is damage, and, if so, its amount, are for settlement by a jury, or by a court if jury be waived; and this is dispositive of the case.

The judgment brought up is reversed and the writ of attachment quashed, with costs.