PERTH AMBOY DISTRICT COURT.

MALVE LEVINSON, PLAINTIFF, v. SEEMAN BROTHERS, INCORPORATED, A CORPORATION, DEFENDANT.

Decided June 7, 1933.

For the motion, *Milton M. Unger.*

For the plaintiff, *Leo Lowenkopf.*

GOLDBERGER, J.   This matter comes before me on a motion by the defendant to quash a writ of attachment on the grounds that the writ was improperly issued in an action in tort, and further because the damages are unliquidated and do not form a basis for writs of attachment.   The affidavit upon which the writ is based alleges, "defendant did negligently put up and distribute for sale canned food products containing foreign substances which caused injuries to deponent."

The practice of attaching the effects of a defendant and holding them to satisfy a judgment which the plaintiff may recover, when perhaps the judgment may be for the defendant, is unknown to the common law and we therefore must depend entirely upon statutory enactment.

The remedy by attachment exists in this country by virtue of statutory enactment alone and is in derogation of the common law.   It is summary in its effects and liable to be abused and used oppressively.

For these reasons it is the prevailing rule that the statutory provisions upon which the right depends, should be strictly construed as to both the modes and the subject of attachments. *Am. & Eng. Encyc. L. (2d ed.)* 183, &c.; *Bond* v. *Ward,* 7 *Mass.* 128; *Little* v. *Long,* 93 *N. J. L.* 99; 107 *Atl. Rep.* 412.

For the history of the practice relating to attachment in this state prior to the establishments of District Courts and since, see *Hotel Registry Realty Corp.* v. *Stafford,* 70 *N. J. L.* 528; 57 *Atl. Rep.* 145.

In order that the plaintiff may succeed he must come within sections 69 and 78 of the District Court act governing the question at issue.

Under section 69, attachment will issue only where there is a "certain sum" of money due to the creditor and is applicable to both non-resident as well as absconding debtors. The statute is very specific in the use of the words "debtor," "creditor," and "certain sum," and undoubtedly has exhibited thereby its intention to reserve the use of the writ to actions arising on contract.

Section 78 provides for the issuance of a writ only in cases where a *capias ad respondendum* may issue in any action upon contract, and then only upon the order of the court based upon affidavits. This may be applied to residents or non-residents.

Construing the two sections together, it is evident that no provision has been made in District Courts for the issuance of writs of attachment in tort actions. The plaintiff contends section 68 of the District Court act, providing "the practice of the Circuit Court in so far as applicable shall apply to District Courts, excepting, however, in cases where there may be some expression of the law providing otherwise," applies. This, however, is ill-founded, as this section is in no way intended to create a substantive right where the legislature has undoubtedly exercised no such right.

The writ will be quashed for two reasons:

1. No attachment may issue out of the District Court upon an action in tort.

2. The damages of the plaintiff are unliquidated and do not form a basis for a writ of attachment in this court. *Sher* v. *Church,* 93 *N. J. L.* 73; 107 *Atl. Rep.* 57.