W. HERMAN ELLISON, *Admr.* v. GEORGE D. BARTGIS *et al.*

(No. 8559)

Submitted October 28, 1937. Decided December 14, 1937.

*Paul J. Carr*, for plaintiff in error.
*T. N. Read* and *T. L. Read*, for defendants in error.

MAXWELL, JUDGE:

In an action for damages for the wrongful death of plaintiff's decedent, Faye C. Ellison, there has arisen the question of the sufficiency of an attachment affidavit. The circuit court approved the affidavit and upheld the attachment based thereon.

Abridged, the averments of the affidavit are that in December, 1935, in Summers County, the defendant, George D. Bartgis, caused the decedent to be called to the door of her home where he shot her to death, thereby creating a money liability in favor of the decedent's personal representative for the benefit of the distributees of her estate; further, that "the said George D. Bartgis fraudulently incurred the liability" by pretending that he desired to talk with the deceased on business, thereby enticing her to an outer door of her home for the purpose of killing her, and where he then consummated his purpose.

The affidavit is sought to be grounded on the second element of subdivision (h) of section 2, article 7, chapter 38 of the state Code. The pertinent subdivision of the section is that an attachment may be issued where the defendant, or one of the defendants "fraudulently contracted the debt or incurred the liability for which the action or suit is about to be or is brought."

We are of opinion that a situation such as is presented by the affidavit under appraisement does not constitute a liability fraudulently incurred within the purview of the statute. That provision relates essentially to matters arising out of contract, directly or indirectly. The first element of subdivision (h), by its express terminology, applies only to contractual obligations. The second element is but another way of stating the same proposition. The two components present different aspects of the same formal statement of that particular ground. *Piedmont Grocery Co.* v. *Hawkins,* 83 W. Va. 180, 185, 98 S. E. 152, 4 A. L. R. 828. The second aspect may be more far-reach-

ing than the first, as, for example, a person may by fraudulent representations cause himself to be accepted as guarantor for another. In such instance, the deceptor would not have fraudulently contracted a debt, but he would have fraudulently incurred a liability, because the legal effect of his undertaking was only to be responsible in event his principal failed to discharge his obligation. There may also be circumstances wherein there is a fraudulently incurred liability sounding in tort but grounded initially on contract. Thus it is evident that subdivision (h) is so phrased that it may properly be said to apply in its first element to primary contractual obligations, and, in its second, to direct or indirect contractual liabilities, including damages for a wrong growing out of contract tainted with fraud. In any of such events, the liability of the fraudulent obligor is in the end based on the obligation which was at the outset brought into being through fraud. The artifice permeates the liability and is one of its factors.

Note, however, the contrast therein from the situation at bar. Here the liability sought to be enforced is that which is created by the wrongful death statute. The liability of Bartgis did not arise until after he had shot and killed Faye Ellison. The fraud or devices theretofore employed by the murderer to make it possible for him to have opportunity to fire the fatal shot constitute no component of the ultimate liability. The artifice and the murder were different transactions; the former did not permeate the latter and was not a factor thereof.

Our statute, Code, 38-7-1, authorizes attachments in actions *ex delicto* as well as in actions *ex contractu*, and in equity suits. Just which grounds for attachment enumerated in the succeeding section (Code, 38-7-2) may be effectual in tort actions need not here be discussed, but clearly, for the reasons stated, the grounds made available by subdivision (h) of that section are inapplicable in circumstances such as are set forth herein.

For the reasons stated, we reverse the trial court's order of January 5, 1937, whereby the attachment was upheld.

We shall enter here an order sustaining the motion to quash the attachment and dismissing the same.

*Reversed and rendered.*