No. 15,674.

MARKLE *v.* DEARMIN ET AL.

(184 P. [2d] 495)

Decided July 14, 1947.   Rehearing denied September 15, 1947.

Messrs. KETRING & HOLLAND, for plaintiff in error.

Mr. JOHN E. FITZPATRICK, Mr. GLENN A. LAUGHLIN, for defendants in error.

PER CURIAM.

DEFENDANTS in error brought suit against the plaintiff in error and Lloyd F. Markle, alleging an indebtedness of $512.75 for groceries and food delivered to them between February 1, 1944, and April 1, 1945. Hereinafter we shall refer to the parties as they appeared in the trial court.

At the time of filing the complaint, plaintiffs sued out a writ of attachment alleging in their affidavit as ground therefor as follows: "That the debt is for farm products, house rent, household furniture, furnishings, fuel, groceries, and provisions, and clothing and wearing apparel for the debtor and his family, or some one or more of them, or for some one or more of said articles."

Defendant Mary T. Markle, appearing specially for that purpose and no other, filed an application to discharge the attachment under Rule 102 (y), of our Rules of Civil Procedure, asserting that the facts alleged in the affidavit of attachment do not constitute a ground for attachment under the provisions of that rule. Before the motion was heard, plaintiffs filed a motion for leave to amend the affidavit, alleging that legal grounds existed at the time the levy under the writ of attachment was made, but then did not set forth what the grounds were.

At the hearing on the motion to discharge the attachment the court ruled that the affidavit was in substantial compliance with subdivision (10) of Rule 102 (b), sustained the attachment, and held that it was unnecessary to consider the motion of the plaintiffs to amend. Defendant brings the case here for review alleging error of the trial court in overruling her motion to discharge the attachment.

It is well settled that proceedings in attachment are in derogation of the common law, and the statutes providing therefor should be strictly construed. *Dygert v. Clem,* 26 Colo. App. 286, 143 Pac. 823; *Goss v. Board of Commissioners,* 4 Colo. 468; *Mentzer v. Ellison,* 7 Colo. App. 315, 43 Pac. 464; 7 C.J.S. 190.

Rule 102 providing for attachments is prohibitory in its wording. It provides, paragraph (b), that no writ of attachment shall issue unless the plaintiff or his representative shall file an affidavit setting forth one or more of the grounds of attachment enumerated in the paragraph. The ground stated in subdivision (10) is as follows: "That the defendant has failed or refused to pay the price or value of any article or thing delivered to him which he should have paid for upon delivery thereof."

It is asserted by plaintiffs that the ground set forth in their affidavit is in substantial compliance with this provision. The wording of their affidavit is practically the same as that set out in chapter 96, '35 C.S.A., section 61, subdivision ninth, relating to proceedings before justices of the peace, and it is not claimed by plaintiffs that that statute is applicable to proceedings in district courts.

█ It is pertinent to observe here that subdivision 7 of section 61, supra, is in substance the same as subdivision (10) of Rule 102 (b), thus indicating that the legislature intended to make them separate and distinct grounds of attachment. No ground appears in Rule 102 (b) corresponding to the ninth ground set out in said section 61 of the statute. The essence of subdivision (10) of Rule 102 (b) is misrepresentation and fraud, and is only applicable where no credit has been given. *Miller v. Godfrey & Co.*, 1 Colo. App. 177, 27 Pac. 1016.

█ It is quite apparent that there was no attempt to set forth in the affidavit any ground for attachment appearing in the Rules of Civil Procedure, and consequently the situation is as if no affidavit at all had been filed. A sufficient affidavit is a jurisdictional requirement and a court has no authority to issue a writ of attachment without it. *Mentzer v. Ellison, supra.*

█ Counsel for plaintiffs in their brief ask, if the affidavit is held to be insufficient, that they be permitted to amend. They did not state in their motion to amend

48

in the trial court what ground for attachment they proposed to set out in the event the amendment was permitted. Furthermore, they do not assign cross specifications for failure of the trial court to grant the motion to amend and consequently are not in a position to urge the point on this review.

For the reasons given, the application of the plaintiffs to amend is denied and the case is reversed, with instructions to dismiss the attachment.

MR. JUSTICE HILLIARD, MR. JUSTICE HAYS and MR. JUSTICE LUXFORD dissent.

In this case acknowledgment is made of the gratuitous and valuable service of the Hon. Paul L. Littler, district judge, as referee under our Rule of June 9, 1947.