## INVESTORS ROYALTY CO., Inc. v. MARKET TREND SURVEY, Inc. et al.

No. 4585.

United States Court of Appeals Tenth Circuit.

June 25, 1953.

Rehearing Denied Aug. 3, 1953.

PHILLIPS, Chief Judge.

This is an action brought by Investors Royalty Company, Inc.[1] against Market Trend Survey, Inc.[2] and others. The action was commenced in the District Court of Tulsa County, Oklahoma, and duly removed to the United States District Court for the Northern District of Oklahoma.

In the original complaint Royalty sought an injunction. Thereafter, Royalty filed an amendment to its complaint, in which it alleged that A. Clifton Stewart and Margaret A. Stewart, as officers and directors of Survey, Inc., and as individuals, combined and confederated together in the publishing and distribution of various letters and pamphlets; and that the overt acts of the Stewarts "in mailing and distributing the * * * letters and pamphlets * * *, containing false, misleading, untrue statements, and slanderous attacks upon the officers and directors of" Royalty throughout Oklahoma, Minnesota and other states were done for the purpose of injuring Royalty and creating dissension among its stockholders, were wilful and malicious, and caused damage to Royalty in the amount of $10,000.

Royalty sought actual and exemplary damages.

A writ of attachment was issued and a levy was made upon certain shares of corporate stock. Royalty undertook to make service by publication.

The defendants appeared specially and moved to quash service by publication on the following grounds:

1. That the original action for injunction is not a civil action for recovery of money within the Oklahoma attachment statute;

2. That the claim set up in the amendment sounds in tort;

3. That the action is not for a fraudulently contracted debt or a fraudulently incurred liability or obligation, and

4. That the service by publication is grounded upon a purported attachment of shares of stock issued by Royalty, a foreign

Neal E. McNeill and Neal E. McNeill, Jr., Tulsa, Okl. (Roger Dell, Fergus Falls, Minn., on the briefs), for appellant.

Garrett Logan, Tulsa, Okl. (Villard Martin, Thomas M. Finney, Robert J. Stanton, and Donald P. Moyers, Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

1. Hereinafter called Royalty.

2. Hereinafter called Survey.

corporation domesticated in Oklahoma; that it does not appear that the principal portion of the property and assets of Royalty is located in Oklahoma and that in fact the principal portion of the property and assets of Royalty is not and was not at the time of such attachment and attempted service by publication located in the State of Oklahoma, and therefore the shares were not subject to attachment under the provisions of 18 O.S.A., § 1.96.

Title 12, O.S.A.1951, § 1151, in part reads as follows:

> "*Grounds for attachment.*—The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated:
>
> \* \* \* \* \* \*
>
> "9. Fraudulently contracted the debt, or fraudulently incurred the liability or obligations for which the suit is about to be or has been brought; \* \* \*."

It will be observed that the first paragraph of § 1151, supra, provides the character of a civil action in which the remedy of attachment may be had, namely, an "ac-

tion for the recovery of money". Following that paragraph are 11 numbered paragraphs which state the grounds upon which the writ may issue in a particular case.

In its affidavit for attachment, Royalty alleged "that the defendants fraudulently incurred the liability and obligation for which this action is brought."

The precise question presented is whether the claim set up in the amendment falls within the purview of paragraph 9, supra. The trial court held that it did not and quashed the service by publication.

■ An attachment statute will not be construed to cover claims arising ex delicto, unless it clearly appears from the language of the statute that the legislature intended to extend the remedy to such claims.[3]

The Oklahoma statute undoubtedly covers certain tort actions, but it does not cover the claim in the instant case, unless that claim falls within the purview of paragraph 9, supra.

The Oklahoma courts have not passed on the question here presented.[4]

In other jurisdictions, the courts, in well reasoned opinions construing statutory pro-

3. Sunderlin v. Warner, 42 Idaho 479, 246 P. 1, 3; Levinson v. Seeman Bros., Inc., 166 A. 630, 11 N.J.Misc. 402. See also: Markle v. Dearmin, 117 Colo. 45, 184 P.2d 495, 496; Home Sav. Bank v. Rolando, 57 R.I. 205, 189 A. 27, 30; Houghtam v. Rowland, 33 Cal.App.2d 11, 90 P. 2d 860, 863.

4. The cases relied on by Royalty are not in point. Hendrickson v. Brown, 11 Okl. 41, 65 P. 935, was an action to set aside a contract on the ground of fraudulent misrepresentations made as an inducement to the contract and to recover the purchase money paid under the contract. The precise question decided was that the action was for the recovery of money, although equitable relief was a prerequisite to the recovery of the money judgment. While the ground for the attachment does not appear from the opinion, it will be observed that the contract was tainted with fraud.

Kidd v. Seifert, 11 Okl. 32, 65 P. 931, was an action in tort for damages. The court there held that it was an action for recovery of money and, since the cause of action arose wholly within Oklahoma territory, plaintiff was entitled to

an attachment on the ground of the defendant's non-residence under 12 O.S.A. § 1151, Par. 1, which provides: "When the defendant, or one of several defendants, is a foreign corporation, or a nonresident of this State, (but no order of attachment shall be issued on the ground or grounds in this clause stated for any claim other than a debt or demand arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this State, which fact must be established on the trial): \* \* \*."

Stone v. Boone, 24 Kan. \*337, held that an action by one partner against a co-partner to recover one-half of the profits of the business of the firm prior to an accounting was not a debt or demand arising upon contract, judgment, or decree, and that an action in attachment could not be maintained under a provision of the Kansas statute substantially like paragraph 1 of the Oklahoma statute quoted above, since the cause of action did not arise wholly within the limits of Kansas.

Gillespie v. Lovell, 7 Kan. \*419, was an action for the recovery of money due on an account and to foreclose a mechanic's

visions substantially like paragraph 9, supra, have held that the obligation or liability must either arise from contract or from a wrong growing out of a contract tainted with fraud.[5]

We are of the opinion that paragraph 9, supra, does not embrace an action for conspiracy, nor for the fraudulent and malicious dissemination of false, misleading or untrue statements.

Counsel for Royalty contend that by setting up the fourth ground of the motion to quash the service by publication defendants sought affirmative relief and entered a general appearance. That contention is without merit. Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." That rule abolishes the distinction between general and special appearances,[6] and the setting up of the alternative fourth ground did not constitute a waiver of the other grounds of the motion to quash.

The judgment is affirmed.

lien for the amount so claimed to be due. The court simply held that it was an action for recovery of money within the Kansas attachment statute, since the plaintiff sought a personal judgment for the amount of the debt.

Cain v. Perfect, 89 Kan. 361, 131 P. 573, simply sustained an attachment on the ground of nonresidence in an action for wrongful death after the section of the Kansas statute making nonresidence a ground for attachment had been amended by striking out the limitation that the cause of action must arise wholly within the limits of Kansas.

5. Merchants Bank of Cleveland v. Ohio Life Ins. & Trust Co., (Ohio) 1 Disn., Ohio, 469; Ellison v. Bartgis, 119 W.Va. 531, 194 S.E. 344; Emerson v. Detroit Steel & Spring Co., 100 Mich. 127, 58 N. W. 659, 660.

6. Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624, 627; Orange Theatre

Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, 873–874; Fahey v. O'Melveny & Myers, 9 Cir., 200 F.2d 420, 451; Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491, 495; Blank v. Bitker,. 7 Cir., 135 F.2d 962, 965–966.