No. 21237.

DARLENE E. JAYNE *v.* EDNA C. PECK.
(395 P.2d 603)

Decided October 5, 1964.

514

Mr. L. K. Engeman, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This writ of error is to the final order of the trial court sustaining a writ of attachment. Plaintiff in error asserts that this action of the court was done despite the undisputed fact that the defendant in error, plaintiff below, in whose favor the writ of attachment was sustained, failed in several substantial instances to follow either the statutory requirements or the Rules of Civil Procedure in connection with the purported levy on her real estate. No appearance has been entered by, and no answer brief filed on behalf of, defendant in error.

The plaintiff in error was the defendant in the suit for the unpaid balance of a promissory note. At the time of bringing the suit the defendant in error filed an affidavit of attachment and a bond on the ground that the defendant "Darlene E. Jayne is about to conceal fraudulently her property so as to render process of execution unavailable when judgment is obtained."

At a hearing on the motion to dissolve the attachment filed by the defendant these facts were undisputed: (a) The defendant debtor was not personally served with a notice of the levy of attachment as provided in C.R.S.

'53, 77-4-2; (b) the service was not made in accordance with Rule 102 (f) R.C.P. Colo.; (c) return of the writ of attachment within 20 days after its receipt, together with certificate of these proceedings endorsed thereon as part of the return of the writ was not made by the sheriff as required by Rule 102 (h) R.C.P. Colo.

██ The trial court made a finding that these deficiencies were present in the proceedings, but held that, in the interest of saving time because it seemed to it useless to require the plaintiff to start all over again, and because all of the parties were in court, the attachment would be sustained. The order of the court is not in compliance with the law.

We have held in the early case of *Graham v. Reno*, 5 Colo. App. 330, 38 Pac. 835, and subsequently in *Thompson v. White*, 25 Colo. 226, 54 Pac. 718, *Weiss v. Ahrens*, 24 Colo. App. 531, 135 Pac. 987, and *Markle v. Dearmin*, 117 Colo. 45, 184 P.2d 495, that the remedy of attachment is in derogation of the common law, and must be strictly followed. Any failure to conform to prescribed procedures—all being necessary and mandatory—is fatal and the writ is of no validity.

The judgment of the trial court is reversed and the cause remanded with directions to dissolve the attachment and order it released of record.

MR. JUSTICE PRINGLE not participating.