**BERNS, CLANCY & ASSOCIATES, a professional corporation, Plaintiff-Appellant,**

v.

**BANK OF BOULDER, a Colorado corporation, Garnishee-Appellee.**

No. 85CA0194.

Colorado Court of Appeals, Div. III.

March 13, 1986.

Holder & St. Clair, Michael D. Holder, Boulder, for plaintiff-appellant.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* Art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

French & Stone, P.C., David M. Haynes, Gary S. Mallo, Boulder, for garnishee-appellee.

KELLY, Judge.

The plaintiff, Berns, Clancy & Associates, appeals the trial court order in favor of the garnishee, Bank of Boulder, holding that the Bank properly answered the plaintiff's writ of garnishment denying indebtedness to the named debtor. We affirm.

The plaintiff is a judgment creditor of R.M. Reeser and Janet Reeser. A writ of garnishment was issued naming the Bank of Boulder as garnishee and it was served upon the garnishee the same day. The caption of the writ identified both R.M. Reeser and Janet Reeser as defendants in the action underlying the writ. The affidavit which followed the caption had space for the following information: "Debtor's name, last known address and any other identifying information," wherein the plaintiff provided the following information: "a/k/a Rodney M. Reeser, 685 North Star Court, Boulder, CO 80302." Janet Reeser maintained an account with the Bank, but Rodney M. Reeser did not. The Bank answered the writ of garnishment denying any indebtedness to the debtor.

The plaintiff filed an affidavit and traverse of garnishment in response to the Bank's answer to the writ of garnishment. The plaintiff argued, as it does here, that the definition of "debtor" in C.R.C.P. 103(a) encompasses all the defendants identified in the caption of the writ. We disagree, and therefore, we affirm.

■ A writ of garnishment is a proceeding supplemental to a writ of attachment and is, like an attachment, in derogation of the common law. Any failure to conform to the prescribed procedure is fatal and the writ has no validity. *See Jayne v. Peck*, 155 Colo. 513, 395 P.2d 603 (1964).

■ Where, as here, there are multiple parties defendant, a garnishee has no way of knowing whether the judgment creditor has a judgment against all named defendants or against only some of them. Conse-

quently, there must be sufficient specificity concerning the identity of the debtor in the writ or in its supporting documents to enable the garnishee to verify its answers to the interrogatories. We hold that the caption of the case does not provide the requisite specificity.

Order affirmed.

VAN CISE and METZGER, JJ., concur.