GEORGE S. LITTLE, PROSECUTOR, v. J. ELLSWORTH LONG ET AL., RESPONDENTS.

Submitted March 20, 1919—Decided June 24, 1919.

Proceedings in attachment being statutory and out of the course of the common law, must be strictly construed, and where the affidavit alleged that defendant was a non-resident and absconded from his "debtors," and it appears that the defendant was, and for years past had been, a resident of the county and engaged in business therein so that service of ordinary process might at any time have been served upon him, or a member of his family, the writ will be quashed.

On *certiorari* removing judgment of justice of peace.

Before Justices PARKER and MINTURN.

For the prosecutor, *Willis Tullis Porch*.

For the respondents, *J. Hampton Filhian*.

The opinion of the court was delivered by

MINTURN, J.    The writ removes a judgment in attachment rendered by the court for the trial of small causes in Cumberland county.    The affidavit alleged defendant was a non-resident and absconded from his "debtors."    Judgment was rendered by the justice in favor of the plaintiff, no appearance being made by the defendant.    The record shows that for years past the defendant was a resident of the county, and engaged in business therein, so that service of ordinary process might at any time have been served upon him, or a member of his family.

This fact must have been known to the plaintiff, and to the justice of the peace who granted the writ, or upon proper inquiry would have been made known to them.    *Stafford* v. *Mills,* 57 N. J. L. 570.

Within a few days after the issuance of the writ the plaintiff in attachment received and used a check from this prosecutor in part payment of the note in suit, together with a renewal note for the balance, which facts lend no color to the charge that the prosecutor had absconded or changed his usual abode.    They were enough in themselves to say the least, to warrant inquiry by the plaintiff before charging the prosecutor with the mala fides incident to an allegation of absconding, with a view to defrauding his "debtors."

Nor was the statutory requirement complied with in an affidavit which expressly charges the defendant with the unique and unusual proceeding of absconding from his "debtors."

The proceedings are statutory, and out of the course of the common law, and result in taking the property of a defendant in an *ex parte* proceeding, *in invitum,* and therefore must be strictly pursued.    *Corbit* v. *Corbit,* 50 N. J. L. 363.

Other delinquencies in procedure anterior and subsequent to the issuance of the writ are manifest in the record, but those mentioned are obviously sufficient to render any profitable discussion of the others unnecessary.

The writ of attachment, judgment and all proceedings based thereon are set aside, with costs.