DONALD W. BLACK, PLAINTIFF, v. JAMES H. EMACK AND SUSAN C. EMACK, DEFENDANTS.

Decided May 9, 1933.

For the motion, *George M. Stevens.*

*Contra, Wilfred B. Wolcott.*

DONGES, J. This is a motion to quash a writ of attachment. The writ was tested November 30th, 1926, and was served December 4th, 1926, by attaching the lands of defendants, and an appraisal was made. On December 13th, 1926, an order for publication and appointing an auditor was signed. Nothing further has been done. Defendant moves to quash for lack of prosecution and failure to comply with the statute. Section 21 provides "at the expiration of two months from the return of the writ, he [the auditor] shall make and file a report of the amounts so ascertained." Admittedly, no report has been filed.

Section 35 provides that where a writ is issued and nothing further done, the writ shall be void after twenty years. Plaintiff claims that under this section he is entitled to bind the property attached for twenty years before prosecuting his action.

Section 21 above quoted clearly provides that upon the return of the writ an auditor shall be appointed, and this was done; that at the expiration of two months he shall make and file a report, and this was not done. Over six years have been allowed to elapse without any move to press plaintiff's claim. In *Little* v. *Long,* 93 *N. J. L.* 99; 107 *Atl. Rep.* 412, it was said that attachment "proceedings are statutory and out of the course of the common law, and result in taking the property of a defendant in an *ex parte* proceeding, *in invitum,* and therefore must be strictly pursued."

I conclude that there has been a failure of strict compliance with the statute and that plaintiff has shown lack of diligence in prosecuting his action, which should result in quashing the writ.