JAMES H. KIDD v. GEORGE SEIFERT.

(Filed July 6, 1901.)

ATTACHMENT—Non-Resident Defendant. The plaintiff in a civil
action for damages arising from tort, where the cause of action
arose wholly in the limits of this territory, is entitled to an
attachment when the defendant is a non-resident of the territory.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before
C. F. Irwin, Trial Judge.*

*Blake, Blake & Beeks,* for plaintiff in error.

*R. B. Forrest,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: There is but one question presented
by this case for our determination. The plaintiff in error,
Kidd, brought his action in the district court of Canadian
county against the defendant in error, Seifert, to recover
damages for property destroyed by fire which it was alleged
was negligently set out by Seifert. This action is one for
damages sounding in tort. An order of attachment was pro-
cured to issue upon the ground that the defendant was a
non-resident of the territory. The trial court sustained a
motion to dissolve the attachment upon the ground that an at-
tachment is not authorized in an action *ex delicto* against a
non-resident defendant. We have examined a number of
authorities on this question and it may be stated as a general
rule that in the absence of statutory enactment, no attachment

can be had in actions for damages arising from tort, but only on those founded upon contract.    (3 Am. & Eng. Enc. Law 190.)

The adjudicated cases, while interesting and instructive, furnish but little aid in the interpretation of our own statute. Each state has its own peculiar statutory provisions, and those in each particular case determine whether attachment is a proper remedy, and the character of demand upon which the writ may issue. These statutory provisions are almost as diverse as the states are numerous.

Mr. Shinn, in his work on Attachments and Garnishments, in discussing this question, at s. 27, says:

"The courts and legislatures of the different states make any variety of declarations regarding the issuing of writs of attachments in actions for moneys, from the affirmation that attachment will not be a lien for demands which arise *ex delicto,* to the declaration that it will extend to all cases for the recovery of money whether sounding in tort or contract."

A comparison of these various and diverse statutory provisions and adjudications discloses the fact that our statute is different from nearly all of them, except the statute of Kansas, from which it was adopted. Hence, in order to determine the true meaning and proper interpretation of our own statutory provisions, we should look to the legislation of Kansas on this subject, prior to and at the time of our legislature adopting it, as well as any adjudications on the subject by the highest courts of that state.

Section 199, Code Civil Procedure, Compiled Laws of Kansas, 1862, is as follows:

"Sec. 199. The plaintiff, in a civil action for the re-

covery of money, may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated. First, When the defendant is a foreign corporation or a non-resident of this territory; or, Second, has absconded with the intent to defraud his creditors; or, Third, Has left the county of his residence, to avoid the service of a summons; or, Fourth, So conceals himself, that a summons cannot be served upon him; or, Fifth, Is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors; or, Sixth, Is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; or, Seventh, Has property, or rights in action, which he conceals; or, Eighth, Has assigned, removed or disposed of, or is about to dispose of his property, or a part thereof, with the intent to defraud his creditors; or, Ninth, Fraudulently contracted the debt, or incurred the obligation for which suit is about to be or has been brought. But an attachment shall not be granted on the ground that the defendant is a foreign corporation, or non-resident of this Territory, for any claim other than a debt or demand arising upon contract, judgment or decree."

The supreme court of Kansas had this statute under consideration in the case of *Treadway v. Ryan, et al.* 3 Kans. 437, and it was there said by Chief Justice Crozier:

"Section 199 of the Code of Civil Procedure, authorizes an attachment in any civil action for the recovery of money upon any one of nine enumerated grounds with but a single limitation, viz: If the ground upon which the attachment is asked be the non-residency of the defendant, it must appear that the claim upon which the suit is sought to be maintained is a 'debt or demand arising upon contract, judgment or decree.' Whenever it shall appear that there is due from the defendant to the plaintiff 'a claim arising upon contract,' and that the defendant is a non-resident, the plain-

tiff will be entitled to an attachment no matter what may be the relation of the parties, whether partners or otherwise. The test in such a case is, that the claim arises upon contract may commence his suit against the other, and if he can show Before an adjustment of the partnership affairs, and with a view to the enforcement of such adjustment, one partner may commence his suit against the other, and if he can show that upon a final accounting of the partnership matters, there will be due from his co-partner a particular sum of money for which he will be entitled to judgment or decree, he may have an attachment upon the establishing of any of the grounds mentioned in section 199, except that of the non-residency of the defendant. With reference to the other eight grounds it will be sufficient if the proceedings be a 'civil action for the recovery of money;' but in regard to the one mentioned, the proceeding must not only be a 'civil action,' but must be predicated upon a 'demand arising upon contract, judgment, or decree.' "

In the revision of 1868, Gen. Stat. Kansas, p. 664, the former section 199, was amended and carried into the revision as sec. 190, and read thus:

"The plaintiff, in a civil action for the recovery of money, may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated:. First, When the defendant is a foreign corporation or a non-resident of this state: or, Second, Has absconded with the intent to defraud his creditors; or, Third, Has left the county of his residence to avoid the service of a summons; or, Fourth, So conceals himself that a summons cannot be served on him; or, Fifth, Is about to remove his property, or a part thereof, out of the jurisdiction of the court with the intent to defraud his creditors, or Sixth, Is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors; or, Seventh, Has property, or rights in action, which he conceals; or, Eighth, Has assigned, removed or disposed of, or is about to dispose of his property, or part there-

of, with the intent to defraud his creditors; or, Ninth, Fraudulently contracted the debt, or incurred the obligation, for which suit is about to be or has been brought. But an attachment shall not be granted on the ground that the defendant is a foreign corporation or a non-resident of this state, for any claim other than a debt or demand arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this state, which fact must be established on the trial."

In 1870, Laws of Kansas, 1869-1870, chap. 87, s. 4, p. 171, the legislature amended this section as follows:

"Sec. 190 : The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated: First, When the defendant, or one of several defendants, is a foreign corporation or a non-resident of this state; (but no order of attachment shall be issued on the ground or grounds in this cause stated for any claim other than a debt or demand arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this state, which fact must be established on the trial.) Second, When the defendant, or one of several defendants, has absconded with the intention to defraud his creditors; or, Third, Has left the county of his residence to avoid the service of a summons; or, Fourth, So conceals himself that a summons cannot be served upon him; or, Fifth, Is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors; or, Sixth, Is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors; or, Seventh, Has property or right in action which he conceals; or, Eighth, Has assigned, removed or disposed of, or is about to dispose of his property, or a part thereof with the intent to defraud, hinder or delay his creditors; or, Ninth, Fraudulently contracted the debt, or fraudulently incurred the liability or obligations

for which suit is about to be or has· been brought; or, Tenth, Where the damages for which the action is brought are for injuries arising from the commission of some felony or misdemeanor, or the seduction of any female; or, Eleventh, When the debtor has failed to pay the price or value of any article or thing delivered, which by contract he was bound to pay upon delivery."

In *Gillespie v. Lowell,* 7 Kan. 419, Chief Justice Valentine said:

"Under section 190 of the Civil Code, laws of 1870, p. 171, the plaintiff may have an attachment in every 'civil action for the recovery of money.'"

In *Stone v. Boone,* 24 Kan. 337, the action was one by a partner against his copartner to recover one half the profits of the business, and an attachment was issued on the grounds that the defendant was a non-resident of the state. Motion was made to dissolve the attachment. Chief Justice Horton said:

"Two questions are therefore presented by the record: First, Does it appear that the claim upon which the attachment was issued is a 'debt or demand arising upon contract, judgment or decree?' If it does not so appear, the second is: Did the cause of action for the unascertained profits of the partnership arise wholly within the limits of Kansas?"

The learned chief justice then proceeds to criticise the former ruling in *Treadway v. Ryan,* where it was held that an action of this character was not a demand arising upon contract, but by reason of the long standing of that decision, refuses to disturb it. But it is nowhere questioned in any of the decisions of the Kansas courts since the amendment of the Kansas statute in 1868 and the further amendment in

1870, that an attachment may not be allowed in any civil action, whether *ex contractu* or *ex delicto,* where the cause of, action arose wholly within the state.

It seems to have been the settled and unquestioned practice in the courts of that state prior to the adoption of their civil code by our legislature, to issue attachments in actions sounding wholly in tort where the defendant was a non-resident, and the cause of action arose wholly within the state. We adopted the code with this settled construction, and there does not seem to be any reason to doubt the correctness of the practice. The language of our statute is not uncertain or ambiguous; it provides in clear and well understood terms that:

"The plaintiff in a civil action for the recovery of money, may at or after the commencement thereof, have an attachment against the property of the defendant and upon the grounds herein stated. First, When the defendant or one of several defendants is a foreign corporation or a non-resident of this territory; (but no order of attachment shall issue on the ground or grounds in this clause stated for any claim other than a debt or demand arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this Territory, which fact must be established on the trial.)"

Where is there room for construction? The code, sec. 10, abolishes all distinctions between actions at law and suits in equity, and provides that hereafter there shall be "but one form of action, which shall be called a civil action." And every plaintiff in a civil action for the recovery of money may have an attachment. What a civil action is, is defined by statute, and if such action is for the recovery of money, then

the plaintiff in such action is entitled to an attachment whenever one of the grounds specified for an attachment exists, and there is no room under the terms of this statute, for the courts to limit the character of the action in which attachments may issue. Why say an attachment may issue in an action arising out of contract and that it may not issue in an action to recover damages for a wrong, when both are civil actions for the recovery of money only? The legislature has made the provisons too clear, certain and positive to admit of any such distinction. If the action is one for the recovery of money, and any cause for attachment exists, except the first, then there is no limitation whatever upon the right to an attachment; the character of the action, whether arising out of contract or tort is not material. But the first cause for attachment contains one limitation. If the attachment is asked for upon the grounds that the defendant is a foreign corporation or a non-résident of this territory, no attachment can be had in an action sounding in tort, unless the cause of action arose wholly within the territory, and this fact must be shown by the plaintiff, either on the trial of the motion to dissolve, or on the final hearing, if no motion to dissolve is heard on the facts.

As orignally enacted by the legislature of Kansas, no attachment could issue against a non-resident in actions *ex delicto,* but by the revision of 1868, and the amendment of 1870, attachments were authorized in actions for money damages sounding in tort, if the cause of action arose wholly within the state, and we have accepted and adopted the statute with its amendments, history and construction. The reason for limiting attachments in this class of cases to actions for torts committed within the territory is obviously

one of policy. It is not intended that a non-resident plaintiff may sue a non-resident defendant, who may own property in our territory, for a tort committed in some other state, and compel such defendant to come into our jurisdiction to defend such action. It is only where the non-resident defendant has done or caused to be done within this territory the acts out of which the cause of action arises, that he may be compelled to defend the action in our courts.

Now let us apply our reasonings to the case presented by the record. The plaintiff, Kidd, sues Seifert to recover damages for property destroyed by fire. This is a civil action for the recovery of money; he alleges in his petition that the fire was negligently set out by the defendant in Canadian county, Oklahoma, and that the property burned was destroyed in said county. This brings the cause of action within the statute. The affidavit for attachment shows that the defendant is a non-resident and contains the usual averments. No objection was made to the affidavit in the trial court. The defendant moved to dissolve the attachment for the reason "that an attachment will not lie for said alleged cause of action, as set forth in the petition." This motion was sustained; this was error.

The judgment of the court sustaining the motion to dissolve for the reasons set forth in said motion is reversed, and the cause is remanded to the district court of Canadian county for further proceedings.

Irwin, J., having presided in the court below, not sitting; all of the other Justices concurring.