**OKLAHOMA TOOL & SUPPLY CO. v. DRUMRIGHT STATE BANK et al.**

No. 14346—Opinion Filed Dec. 11, 1923.

Rehearing Denied Feb. 12, 1924.

**1. Garnishment—Priority of Garnishments.**

In the case of several garnishments directed against the same person and subject-matter, the rule is well settled that such garnishment must be given priority in accordance with the time when proceedings were instituted, and especially when the first garnishee summons is served upon the garnishee defendant first.

**2. Attachment—Garnishment — Service by Publication—Affidavit.**

Section 340, Comp. Stat. 1921, authorizes the plaintiff to obtain service by publication in a suit for the recovery of money based on attachment, if the recovery of money is based upon contract. When the suit is not based upon contract, judgment, or decree, the affidavit for garnishment must state that the cause of action arose wholly within this state, which fact must be established on the trial.

**3. Same—Insufficiency of Garnishment Affidavit.**

A garnishment affidavit which does not state plaintiff's cause of action definitely, and leaves it doubtful whether it is on contract or tort, or whether it arose wholly within the state, is insufficient.

**4. Same—Discharge of Garnishees.**

Record examined, and held, that the trial court did not err in discharging the garnishee herein from any liability to the plaintiff.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by Oklahoma Tool & Supply Company against J. L. Hughes; the Drumright State Bank and F. M. Foster, garnishees. Judgment for garnishees, and plaintiff brings error. Affirmed.

McGuire & Marshall, for plaintiff in error.

Hughes, Foster & Ellinghausen, for defendants in error.

Opinion by PINKHAM, C. The plaintiff in error here was plaintiff below and the defendant in error, J. L. Hughes, was defendant below.

This action was begun in the district court of Creek county by the plaintiff, Oklahoma Tool & Supply Company, by filing therein its petition asking judgment against the defendant, J. L. Hughes, for the sum of $2,798.42. On the same day (April 11, 1921) a garnishment affidavit was filed alleging that the defendants in error Foster and the Drumright State Bank had in their possession and under their control certain property belonging to the defendant, J. L. Hughes; alleging therein that the plaintiff's cause of action is one for the recovery of damages upon contract. On the same day garnishment bond was filed.

On the same day, April 11, 1921, garnishment summons was issued against F. M. Foster and Drumright State Bank.

On the 13th day of April, 1921, a summons was issued out of the district court of Creek county, directed to the sheriff, against the defendant, J. L. Hughes. The summons against the said defendant, J. L. Hughes, was returned not served, and on the 13th day of June, 1921, 61 days later, the plaintiff filed an affidavit for service by publication, and thereafter on the 6th day of October, 1921, there was filed in the office of the court clerk proof of publication of service, showing that the first publication was had on the 17th day of June, 1921.

On May 2, 1921, the garnishees filed answer in this case, in which F. M. Foster denied having any property, money, or effects in his hands personally belonging to defendant, Hughes, and as vice-president of the garnishee, Drumright State Bank, had $1,543.47 in its possession and under its control belonging to defendant Hughes, and alleging that prior to the service of the garnishee summons in this action, that the Drumright State Bank had been served with a garnishment in the case of H. B. Walker v. J. L. Hughes, in the superior court of Creek county, wherein said money was claimed by the plaintiff Walker, against the defendant Hughes, to satisfy a claim of $1,404, and claimed as a set-off the amount against the amount in the hands of the garnishee.

On the 6th day of October, 1922, judgment was rendered in the main cause in favor of the plaintiff, Oklahoma Tool & Supply Company, against the defendant, J. L. Hughes, for $2,798.42, and costs.

On April 19, 1923, the issue between the plaintiff, Oklahoma Tool & Supply Company, and the garnishees, the defendants in error herein, was tried and resulted in the court below rendering its judgment discharging the garnishees from liability under the garnishment proceedings herein.

Upon the same day motion for new trial was filed and overruled.

This appeal has as its object the reversal of the judgment of the trial court upon the issue taken by plaintiff upon the answer of the garnishee.

It is admitted in the record that Mr. Foster, one of the garnishees, was entitled to be discharged, but as to the Drumright State Bank it is insisted there was error in the trial court's judgment.

A number of assignments of error are set out in the petition in error and in the brief of plaintiff, and are discussed under several propositions, the first and principal one of which is to the effect that the superior court acquired no jurisdiction of the person of J. L. Hughes, in the Walker Case, and no jurisdiction to require the garnishee, Drumright State Bank, to pay any of Hughes' money into the hands of the clerk for the purpose of satisfying the judgment attempted to be rendered therein.

The record discloses that on March 31, one H. B. Walker began action in the superior court of Creek county, against the defendant, J. L. Hughes, to recover the sum of $1,404 by filing in said court his petition, and on the same day caused a summons to be issued thereon against the defendant Hughes, which was returned showing the defendant Hughes not to have been found. On the date the petition was filed the said Walker caused the filing of an affidavit in garnishment and bond therein, alleging in the affidavit that the Drumright State Bank had in its possession or under its control property or money belonging to the defendant Hughes, and garnishee summons was issued and served upon the Drumright State Bank, service thereon being made on April 23, 1921.

Thereafter, on April 23, 1921, the Drumright State Bank, as garnishee, filed its answer in the Walker Case reciting that it had in its hands the sum of $1,543.47, which belonged to the defendant, J. L. Hughes.

On the same day that the petition was filed in the Walker case an affidavit for service by publication was made in which the affidavit states: that the defendant, J. L. Hughes, is a non-resident

of the state of Oklahoma, and that service of summons cannot be had upon him with due diligence within the state of Oklahoma.

On May 30, 1921, judgment was rendered in Walker's favor by default in the superior court case for $1,404 and costs, and the Drumright State Bank was ordered to pay into the hands of the court clerk the sum of $1,437.94, which was done.

The record discloses that at the time the plaintiff instituted its action in the district court and caused garnishment summons to be served upon the garnishee bank, the Walker suit was pending in the superior court and a garnishment summons had been served upon the garnishee bank in that case within the knowledge of the plaintiff, and it does not appear that any action on the part of the plaintiff was taken by intervention or otherwise in the superior court to show that it had a prior right to the funds in the hands of the bank.

"In the case of several garnishments directed against the same persons and subject-matter, the rule is well settled that such garnishment must be given priority in accordance with the time when proceedings were instituted." 12 R. C. L., tit. "Garnishment," sec. 91.

In the case of Barton v. Spence, 3 Okla. 270, 41 Pac. 605, the syllabus is as follows:

"Where service of process in garnishment is had, the property found in the possession of the garnishee is in custodia legis, and no rights can be obtained in such property by subsequent attaching creditors as against a creditor causing the garnishment summons to issue."

It is clear that at the time of the service of the garnishment summons upon the Drumright State Bank, garnishee herein, an action was pending in the superior court of Creek county, in the case of H. B. Walker v. J. L. Hughes, and that a valid summons had been issued thereon against the garnishee, and the issues having been joined between the garnishee herein and the plaintiff within 60 days after the commencement of such action it would seem that the lien of the plaintiff Walker upon the moneys in the hands of the Drumright State Bank, garnishee, in that case, was valid and existing, and that the situation must be tested as of the date the issue was made up between the plaintiff herein and the garnishee which was on the 18th day of May, 1921, the time notice was given by the plaintiff that issue was to be taken upon the garnishee's answer.

It is, however, contended by plaintiff that the affidavit for publication in the Walker Case fails to show that the action was one where constructive service by publication is allowable; that it was void and no jurisdiction was acquired in that case over the person of the defendant, Hughes. A number of authorities are cited in plaintiff's brief in support of that contention, and the conclusion drawn is that the garnishment proceedings and judgment in the Walker Case being void, the plaintiff in this action had a right to secure a garnishment lien upon the funds in the hands of the Drumright State Bank, belonging to Hughes, unimpaired by what may or may not have been done in the proceedings had in the superior court. In the Walker Case it appears that the only grounds for publication that the affiant states are:

"That the defendant, J. L. Hughes, is a non-resident of the state of Oklahoma, and that service of summons cannot be had upon the defendant J. L. Hughes, with due diligence within the state of Oklahoma."

We do not question the authorities cited by plaintiff in its brief to show that an affidavit for service by publication not showing that it was filed in a case where service by publication is authorized is invalid.

The decisive question, however, in this case as we view it, independent of whether the proceedings of the superior court in the Walker Case were valid or invalid, is whether the court in the instant case acquired any jurisdiction over the subject-matter of the action—the money of the defendant Hughes in the hands of the garnishee bank. In other words, the important question is not whether the superior court had jurisdiction in the garnishment proceedings in the Walker Case, but did the district court have jurisdiction in the garnishment proceedings in the instant case to require the garnishee to pay the money belonging to Hughes into that court, in view of the record in the case?

A garnishment is an equitable attachment of property. In a garnishment proceeding the garnishment summons must be served on both the garnishee and the defendant. Section 30, Comp. Stat. 1921, authorizes the plaintiff to obtain service by publication in a suit for the recovery of money based on attachment, if the recovery is upon contract, judgment or decree. In this case the garnishment affidavit is, we think, fatally defective, and will not support service of garnishment summons on the defendant by publication for the reason that the plaintiff alleges that the action is one for the recovery of damages upon contract. Such allegation is not equivalent to "an action upon contract," but is consistent with an action in

tort, in which case the plaintiff is required by the terms of the statute to allege that the cause of action arose wholly within this state. The plaintiff having failed to couple such allegation with the statement that the recovery was for damages upon contract, the affidavit will not support service by publication on the defendant. Actions ex delicto and actions ex contractu are never mingled in the law. Action for the redress of torts always sound in damages. 26 R. C. L. 756.

An attachment affidavit which does not state plaintiff's cause of action definitely, and leaves it doubtful whether it is on contract or tort, or whether it arose within the state, is insufficient. Robinson v. Burton, 5 Kan. 293.

Failure of the affidavit is, therefore, failure of jurisdiction over the subject-matter. Rood on Garnishment, sec. 251.

The plaintiff's claim that it had a superior right to a lien on the funds belonging to the defendant Hughes held by the bank is based upon the defective affidavit for service by publication in the Walker Case. That affidavit was undoubtedly defective, but we think the plaintiff's garnishment affidavit is equally defective, and insufficient to confer jurisdiction in the instant case.

We think the plaintiff in this case failed to establish a lien upon the money in question, and that the ruling of the trial court in refusing to allow the claim of plaintiff to the sum of money involved was not error. Furthermore, we do not think the question of the validity of the affidavit for service by publication in the superior court case was within the issues tendered in the instant case in the district court. The issue was whether or not a valid garnishment had been served. There was no issue as to the validity of the subsequent service upon the defendant, J. L. Hughes.

In the view we take of this case, it is sufficient to say that upon an examination of the entire record the judgment of the trial court to the effect that the issue between plaintiff and garnishee herein is adjudged against the plaintiff and said garnishee discharged from liability to the plaintiff on account of the facts stated in their answer and on account of any claim which the plaintiff may have against them in virtue of garnishment proceedings had in this cause was correct.

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.