## OSAGE OIL & REFINING CO. v. GORMLEY et al.

No. 13789—Opinion Filed Jan. 19, 1926.

Rehearing Denied March 23, 1926.

**Garnishment—Lack of Jurisdiction Where Parties Nonresident and Service by Publication.**

Where a nonresident plaintiff, in an action for tort, committed in another state, seeks by garnishment to subject the property of a nonresident defendant to the satisfaction of his claim, and the service of the garnishment summons is by publication, the court does not acquire jurisdiction of the property of the nonresident defendant.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by the Osage Oil & Refining Company against Earl Gormley, Mrs. Earl Gormley, John Gormley, Chas. Trammell, and Mrs. Chas. Trammell. Judgment for defendants, and plaintiff appeals. Affirmed.

J. E. Whitehead and W. N. Redwine, for plaintiff in error.

J. C. Helms and Chas. H. Garnett, for defendant in error Earl Gormley.

Opinion by RAY, C. The only question for decision is whether the trial court erred in dissolving the garnishment, discharging the garnishee, and dismissing the garnishment proceedings.

We think the case of Oklahoma Tool & Supply Co. v. Drumright State Bank, 97 Okla. 165, 222 Pac. 975, is controlling. In that case it was held that in a garnishment proceeding the garnishment summons must be served on both the garnishee and the defendant, and where it was made to appear by the garnishment affidavit that the cause of action did not arise upon contract, and it was not made to appear that the cause of action arose wholly within this state, the affidavit would not support service on the defendant by publication.

The garnishment affidavit in this case recited:

"Affiant says this action is one for the recovery of the amount misappropriated by the defendants, Earl Gormley et al., and by said Earl Gormley and Charles Trammell converted to their own use and benefit. * * *"

In the affidavit to obtain service of the garnishment summons by publication upon the defendant Earl Gormley, whose property was sought to be subjected to the payment of plaintiff's claim by the garnishment proceeding, it is stated that the defendant Earl Gormley is a nonresident of the state of Oklahoma. The garnishment affidavit contains no averment that the cause of action arose wholly in this state.

It is disclosed by plaintiff's petition that the plaintiff is a corporation organized under the laws of South Dakota and authorized to do business in the state of Oklahoma, with its principal place of business in Oklahoma City, and that the cause of action arose in Wichita county, Tex. It is alleged in the petition that defendant Earl Gormley was acting in the capacity of field superintendent for the plaintiff, his duties being to look after the drilling of oil and gas wells upon the property of the plaintiff company under the specific direction of its president; that the defendant Earl Gormley was placed in charge of the drilling of oil wells on the plaintiff's property in Wichita county, Tex., and to enable him to properly discharge his duties, the plaintiff company deposited approximately $45,000 in the City National Bank of Wichita Falls, Tex., subject to Gormley's check, and that he conspired with the other defendants to defraud the plaintiff, by paying expense accounts and issuing checks for fictitious items to fictitious persons, and by that means defrauded plaintiff company of large sums of money, and he and his co-operators appropriated the same to their own use. These facts disclosed by the record bring the case clearly within the rule laid down by this court in the above-cited case.

In the case of Kidd v. Seifert, 11 Okla. 32, 65 Pac. 931, the court had under consideration the first subdivision of section 340, C. S. 1921, providing that no order of attachment shall be issued for any claim

other than a debt or demand arising from contract, judgment or decree, unless the cause of action arose wholly within the limits of this state, which fact must be established on the trial. Chief Justice Burford, speaking for the court, stated the policy of this state in this language:

"The reason for limiting attachments in this class of cases to actions for torts committed within the territory is obviously one of policy. It is not intended that a nonresident plaintiff may sue a nonresident defendant, who may own property in our territory, for a tort committed in some other state, and compel such defendant to come into our jurisdiction to defend such action. It is only where the nonresident defendant has done or caused to be done within this territory the acts out of which the cause of action arises, that he may be compelled to defend the action in our courts."

It is also contended that the court erred in refusing to permit the plaintiff to amend its petition, after the court had announced its ruling on the motion to dissolve the garnishment, by adding to each cause of action the following allegation:

"That the money so advanced by plaintiff to the defendant Earl Gormley was advanced in trust for the purposes set forth in said petitions and amendments thereto, and that said defendant Earl Gormley, knowing that said funds were trust funds, willfully violated said trust as set forth in said petitions and amendments thereto, and converted said moneys to his own use and benefit, thereby becoming indebted to plaintiff for breach of said express contract, in the amounts thereof, namely, the amounts of money set forth in said petitions and amendments thereto, and interest thereon.

"That all of said defendants, by reason of said conversion and breach of said contract on the part of the defendant Earl Gormley, are indebted to plaintiff in the amounts of said moneys so converted above referred to, and interest thereon, on an implied contract by reason of said conversion."

It is contended that by the proposed amendment it was sought to make it clear that the action was one arising upon contract. There is no merit in this contention. The proposed amendment is necessarily a conclusion of the pleader not sustained by the allegations of fact contained in the petition.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 192 §238.