## LENZ v. YOUNG et al.
### No. 35764.

Supreme Court of Oklahoma.
Nov. 3, 1953.

Banker, Bonds & Wilcoxen, Muskogee, for plaintiff in error.

Claud Garrett, Douglas Garrett, Cleon A. Summers, Muskogee, for defendant in error.

O'NEAL, Justice.

The issue raised by this appeal is whether the Trial Court erred in dissolving a writ of attachment. The facts are these: Plaintiff, a resident of the State of Florida, entered into contracts of indemnity with defendant against various losses or damage to defendant's property used in the show business. Defendant is and was also a resident of Florida, and it is admitted that the contracts were made in Florida, and that the premiums of insurance were payable and paid in that state. For the purpose of our disposition of the case we must assume that the allegations of plaintiff's verified petition are true, as it was neither challenged by demurrer or answer.

The first cause of action states that E. L. Young and Dolly Young are a co-partnership, doing business as Royal Crown Shows, and each are now residents of the State of Florida, and that plaintiff is also a resident of that state; that each defendant is indebted to plaintiff in the sum of $11,179.84 for premiums due on insurance policies issued to the defendants under contracts with defendants dated January 15, 1951, to and including March 30, 1952.

Plaintiff for his second cause of action adopts all allegations in his first cause of action and further alleges that E. L. Young,

for and on behalf of the partnership of E. L. Young and Dolly Young, doing business as Royal Crown Shows, did on the 19th day of February, 1951, at St. Petersburg, Florida, execute and deliver to plaintiff their promissory note in the sum of $8,201.75; that said note was the obligation of said partnership, and that after allowing credits there remains due the sum of $5,062.75 with interest and attorney's fees.

Plaintiff filed an affidavit of attachment incorporating the eleven grounds set forth in Title 12 O.S.1951 § 1151, in support of the attachment order prayed for. Plaintiff, however, relies only upon the first ground under said Section 1151, which reads as follows:

"1. When the defendant, or one of several defendants, is a foreign corporation, or a non-resident of this State, (but no order of attachment shall be issued on the ground or grounds in this clause stated for any claim other than a debt or demand arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this State, which fact must be established on the trial) :"

An order of attachment was issued under which the sheriff took into his possession a Ferris Wheel, Merry Go Round, and other enumerated property in the possession of the Royal Crown Shows located upon the fairgrounds of the City of Muskogee. The defendant thereafter filed a motion to discharge the attachment, which reads as follows:

"(1) That the Petition does not state facts sufficient to constitute a cause of action against the defendant;

"(2) That the attachment affidavit is insufficient on its face;

"(3) That the alleged grounds set forth in said attachment affidavit are not true."

The motion was supported by defendant's affidavit which generally denied the truth of plaintiff's affidavit for attachment, admitting, however, that plaintiff and defendants are each residents of the State of Florida, and that the contracts sued upon arose wholly within the State of

888

Florida. The motion of defendants to discharge the attachment was heard upon the pleadings thus joined. No evidence was offered by either party. The arguments of counsel upon the motion to discharge are incorporated in full covering sixty pages of the record.

The Trial Court made Findings of Fact and Conclusions of Law, as follows:

"That both the plaintiff and the defendants are nonresidents of the State of Oklahoma; that the plaintiff brings a civil action in the District Court of Muskogee County, Oklahoma for the recovery of money for alleged obligations which arose wholly within the State of Florida; That Paragraph 1, of Section 1151, Title 12 O.S. 1951 does not sustain, under the hereinabove set out facts, an attachment."

Appropriate proceedings were taken by plaintiff to lodge the appeal for our review.

Plaintiff below and here contends that Section 1151, Title 12, of the quoted Statutes, authorizes the attachment upon property found in Oklahoma, where it is shown that defendants are nonresidents of the State of Oklahoma, and that the cause of action arose in the State of Florida, upon a claim sounding in contract.

Defendant contends that the cause of action pleaded by plaintiff does not disclose it arose upon a contract within the meaning of the Statute. In other words, that plaintiff sued upon an open account which does not rise to the dignity of a contract as set forth by the Statute. We conclude that the Trial Court erred in sustaining defendant's motion to discharge the attachment for reasons we shall subsequently state.

Our Garnishment and Attachment Statutes were originally adopted from Kansas in 1893; they were re-enacted with minor changes by the Legislature when it adopted the Revised Laws of 1910. Section 4812 of the Revised Laws of 1910, specifying grounds of attachment are identical with our present Statute, Section 1151, Title 12, here drawn in question. The Statute was considered by our territorial court in 1901 in the case of Kidd v. Seifert, 11 Okl. 32,

65 P. 931. Construing the Statute as applied to an action sounding in tort this court said:

"The plaintiff in a civil action for damages arising from tort, where the cause of action arose wholly within the limits of this territory, is entitled to an attachment when the defendant is a nonresident of the territory."

That opinion refers to Section 199, Code Civil Procedure, Compiled Laws of Kansas, 1862, providing for the issuance of an attachment in a civil action for the recovery of money when the defendant is a nonresident; but the attachment shall not lie on the ground of defendant's nonresidence, for any claim other than a debt arising upon contract, judgment or decree.

Reference is then made to the revision of 1868, Gen.Stat.Kansas, p. 664, which amended the previous Section 199, supra, in the following respect that in a civil action for the recovery of money, the plaintiff may have an attachment against the property of a nonresident defendant. The revision provides that the attachment shall not be granted against a nonresident of the state, for any claim other than a debt arising upon contract, judgment or decree, unless the cause of action arose wholly within the limits of this state, which fact must be established on the trial.

In 1870, Laws of Kansas, 1869–1870, chap. 87, § 4, p. 141, the Act was again amended using the identical language as employed in our adoption of the Act in 1893, and as brought forward in Revised Laws of 1910, § 4812, now Title 12 O.S. 1951 § 1151.

Applying the Statute to the facts presented in Kidd v. Seifert, supra, this court said that an attachment would lie in an action sounding in tort where the defendant is a nonresident and the cause of action arose wholly within the state. Then, requoting the Statute, the court expressed the opinion that the Statute is so plain that there is no room for construction. The rationale of the opinion is that a plaintiff in a civil action for the recovery of money may have an attachment against the property of a nonresident defendant either in ex contractu or ex delicto where the cause

of action arose wholly within the State; however, if the plaintiff's cause of action is one for the recovery of money, the attachment will lie against a nonresident defendant whether the cause of action arose in or out of the state.

In the present case personal service was had upon the defendants; therefore, we are not confronted with the issue raised in Welch v. Simmons, 190 Okl. 611, 126 P.2d 89, where a resident of Oklahoma sued a nonresident of the state to recover damages for an asserted tort alleged to have been committed in a foreign state.

In Welch v. Simmons, supra, this court construing Title 12 O.S.1941 § 1172 (the Garnishment Statute) held that the courts did not have power to acquire jurisdiction in rem over debts due a nonresident by garnishment based upon an unliquidated claim for damages upon a tort committed outside of the state where the nonresident is not subject to service of summons within the state. This construction was based upon Kidd v. Seifert, supra, where it was held that the cause of action ex delicto must rise in the state to warrant the issuance of the attachment. This court concedes that while there are basic distinctions between attachment and garnishment, they are both provisional ancillary remedies, and their history from a legislative standpoint discloses that they have gone "hand in hand." [190 Okl. 611, 126 P.2d 92.]

This court referring to Section 1151 of Title 12 O.S.1951, makes the observation that that Statute has not been changed since our decision in Kidd v. Seifert, supra.

We find no merit in defendant's contention that plaintiff's cause of action as pleaded is not founded upon contract. As we have seen, it was alleged that the premiums due upon policies of insurance arose under contracts with defendants from January 15, 1951, to and including March 30, 1952. Clearly, the present action upon these premiums and the note are based upon contractual obligations. We think the construction heretofore given the attachment Act is correct. Moreover, if the case was one of first impression we would reach the same conclusion, as the Act clearly states

that an attachment will lie based upon a cause of action ex contractu where the defendant is a nonresident of the state.

The judgment is reversed, with directions to sustain the attachment.

HALLEY, C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.